UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LARRIANTE' SUMBRY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   CAUSE NO. 2:06-CV-053 AS |
| | ) |
| INDIANA STATE PRISON, *et al.*, | ) |
| | ) |
| Respondents. | ) |

### *OPINION AND ORDER*

Larriante' Sumbry, a *pro se* prisoner, mailed a habeas corpus petition to the United States District Court for the Middle District of Tennessee. That court transferred the case to this district, perhaps without knowing that he is on the restricted filer list for the United States Court of Appeals for the Seventh Circuit and/or perhaps so that this court would be aware of his continued intransigence.

Mr. Sumbry has repeatedly abused the judicial process and he has been progressively sanctioned and restricted. The Circuit has ordered that,

> . . . the clerks of all federal courts within this circuit shall return unfiled all papers submitted directly or indirectly by or on behalf of Larriante' J. Sumbry unless or until Sumbry has paid in full all outstanding filing fees and sanctions. This order does not apply to criminal cases or petitions challenging the length or terms of his confinement . . ..

*In Re Larriante' J. Sumbry*, No. 02-2565 (7th Cir. August 1, 2002).

> Until he pays his entire debt to this and the district courts, we will receive but not act on any § 2244(b)(3) application submitted by Sumbry.

*Sumbry v. Davis*, No. 03-4332 (7th Cir. January 16, 2004).

> [C]lerks of all federal courts within this circuit must return unfiled any papers submitted by . . . Sumbry in any habeas corpus action unless the petition attacks a state court imposed criminal judgment.

*Sumbry v. Davis*, No. 03-2937 (7th Cir. March 30, 2004).

The Circuit has further observed that,

> [b]ecause . . . Sumbry ha[s] received federal habeas corpus review of [his] current convictions, [he is] effectively barred from filing any civil action in the district courts until [he] settle[s] [his] debts to the federal judicial system.

*Sumbry v. Davis*, No. 03-2937 (7th Cir. March 30, 2004)

Nevertheless, despite having been repeatedly fined and restricted, Mr. Sumbry persists in exploiting the judicial system by filing papers in the district courts of other circuits. When he attempts to directly file papers in this district, where the clerk's office is painfully familiar with his litigation history, the staff understand their obligation to return unfiled Mr. Sumbry's papers. Obviously this is not always known in district courts outside of the Seventh Circuit.

Mr. Sumbry appears to have exploited this loophole approximately three dozen times in at least 24 states and the District of Columbia over the last two years. When those courts have transferred a case to this district, the clerk of this court has properly accepted the transfer and opened a new case which was promptly dismissed by order of this court. It was proper for the clerk of this court to accept these transfers because in each case a judge in those districts signed an order transferring the case and it is not for the clerk of this court to refuse to honor those judicial orders. *See Hall v. Stone*, 170 F.3d 706, 708 (7th Cir. 1999)

("Even an invalid judicial order must be obeyed until it is stayed or set aside on appeal.")

Nevertheless, Mr. Sumbry is restricted from filing in this circuit and therefore pursuant to the orders of the Seventh Circuit, this case is **DISMISSED**. Furthermore, the clerk is **DIRECTED** to forward a copy of this order to the Seventh Circuit and the Superintendent of the Indiana State Prison so that they are aware of Mr. Sumbry's continuing exploitation of the judicial process despite the previous fines, sanctions, and restrictions.

**IT IS SO ORDERED.**

**ENTERED: February 15 , 2006**

                                          **S/ ALLEN SHARP**
                                      **ALLEN SHARP, JUDGE**
                                      **UNITED STATES DISTRICT COURT**